Chief Justice Robertson,
delivered the opinion of the court.
Barker obtained a judgment against Fitzgerald and ethers tor $¡80, for an assault and battery. They have prosecuted a writ of error with a su-persedeas, and rely on two grounds for a reversal of judgment.
1st. That the circ uit court erred in refusing, on their motion, to instruct the jury that they might find several damages against such of the defendants in the action as should be ascertained to be guilty.
2d. That the court erred in overruling a motion for a new trial.
The first ground is evidently untenable. If the jury had assessed several damages, the plaintiff would have elected udemeloribus damnis,” and the defendants who were found guilty, would all have been bound by the *399 judgment, and might of course, have been made Con-tributary. Therefore, the plaintiffs in error could not have been beneiitted by the instruction, if the court had given it, and consequently, they have not been injured by the refusal to give it.
If any evi-orinferanoial to sustain ver diet, not to be asid® fo.r dence? eW'
Owsley, for plaintiffs; Cunningham, for defendant.
On the 2d point we had some difficulty. There was no positive evidence of an assault or battery by one of the plaintiffs in error; and the facts froto which his agency in the battery, could be inferred, are slight in the extreme. Indeed the weight of probability is m fa» vor of his neutrality. But the verdict against Mm cannot be said to be without any evidence. Considering the character of the battery, the verdict must be admitted to be light and inconsiderable. In such cases, the damages being small, regard to long and well established practice, will not allow a new trial, when there is any evidence, direct or inferencia], which may sustain the verdict.
Wherefore, although we granted a supersedeas, we must affirm the judgment of ihe circuit court.
Judment affirmed, with costs and damages. ’